**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30342 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00035-RFC-1 |
| v. | |
| ALEX MEDICINE HORSE, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted October 10, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Defendant-Appellant Alex Medicine Horse, Jr. appeals his conviction for

aggravated sexual abuse under 18 U.S.C. §§ 1153 and 2241(c). Medicine Horse

contends that the district court erred when it denied: (i) his motion to suppress a

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

recorded statement he made to the FBI after failing a polygraph test; and (ii) his motion in limine seeking to preclude several witnesses from testifying about other allegations of sexual abuse. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

I

Medicine Horse contends that his post-polygraph statements were involuntary, and were made in violation of his rights under *Miranda*, the Fifth Amendment, and the Sixth Amendment. To determine whether a statement was voluntary, we review the "totality of the circumstances" to determine "whether the defendant's will was overborne." *United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc). Here, the record demonstrates that Medicine Horse had extensive experience in law enforcement, was 67 years old, had a GED, and the interview was relatively brief. Medicine Horse did not suggest that he had any mental health issues and understood that he could terminate the interview. Although he did indicate that he had some physical health issues and the FBI agent may have accused him of lying, those circumstances were not so egregious such that they would have caused Medicine Horse to falsely confess.

---

[1] Because the parties are familiar with the history of the case, we repeat only those facts necessary to explain our decision.

2

Similarly, Medicine Horse was not in custody and accordingly, his *Miranda* rights did not attach. *See Dyer v. Hornbeck*, 706 F.3d 1134, 1138 (9th Cir. 2013). Indeed, Medicine Horse voluntarily agreed to participate in the polygraph session, he traveled to the station on his own, the interview was relatively brief, and he was allowed to leave afterward. Additionally, because Medicine Horse had not been formally charged, his Sixth Amendment right to counsel had not attached. *See United States v. Charley*, 396 F.3d 1074, 1082 (9th Cir. 2005).

## II

Medicine Horse contends that the district court erred by permitting several witnesses to testify about other allegations of sexual abuse, contending that they were dissimilar to the charged conduct, remote in time, or cumulative of other evidence. Federal Rule of Evidence 414 establishes "a presumption – but not 'a blank check' – favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct." *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004). In light of the "inherent strength" of Rule 414 evidence, we have indicated that district courts must carefully weigh its probative value against its prejudicial effect using a number of factors to determine admissibility under Rule 403. *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001).

3

Here, the district court applied the *LeMay* factors and allowed the government to introduce the evidence concerning alleged incidents involving children who were in a similar age range, were siblings, and were related by marriage to Medicine Horse. The testimony was not cumulative and was necessary to bolster the victim's sparse testimony, which was subject to charges of fabrication. The evidence also showed that the incidents were not isolated events and there did not appear to be any relevant intervening circumstances. Although two of the witnesses testified concerning incidents that occurred 45 to 50 years prior to trial, there is no "bright line rule" precluding evidence that is remote in time. *See United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996). Here, in light of the similarities between the incidents and the district court's assessment of the other factors, we cannot say that the court abused its discretion by admitting the testimony. *See United States v. Wahchumwah*, 710 F.3d 862, 866 (9th Cir. 2013).

**AFFIRMED.**